# Richards, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Passengers—Wrongful ejection from train—Dispute with conductor as to fare.*

Where a passenger on a railroad train surrenders his ticket to the conductor when he is "just passing into the seat and sitting down," and subsequently refuses to enter into conversation with the conductor when the latter asks him where he had gotten on, and what was his point of destination, and thereupon he is ejected from the train, arrested, handcuffed and taken before a magistrate, and in resulting proceedings is finally discharged, such passenger may maintain an action of trespass against the railroad company for the unlawful ejection and arrest.

Argued April 24, 1918.  Appeal, No. 67, April T., 1918, by plaintiff, from order of C. P. Allegheny Co., July T., 1916, No. 532, entering judgment for defendant n. o. v., in case of Charles S. Richards v. Pennsylvania Railroad Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ.  Reversed.

Trespass to recover damages for wrongful ejection from train, and for malicious prosecution and false arrest.  Before SHAFER, J.

At the trial the jury returned a verdict for plaintiff for $300.  Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant n. o. v.

*Thomas M. Marshall,* with him *Edward D. Hartje* and *Thomas M. Marshall, Jr.,* for appellant, cited: Lynch v. Metropolitan Elevated Ry. Co., 90 N. Y. 77.

*Edwin P. Griffiths,* with him *Patterson, Crawford & Miller,* for appellee, cited: Scott v. Dewey, 23 Pa. Superior Ct. 396; Boyd v. Kerr, 216 Pa. 259; Gow v. Adams Express Co., 61 Pa. Superior Ct. 115.

OPINION BY HEAD, J., July 10, 1918:

In this action of trespass the jury rendered a verdict in a moderate amount in favor of the plaintiff.  The learned court below, upon a consideration of the whole record, set aside the verdict and entered judgment for the defendant n. o. v.  In considering the appeal from such a judgment we necessarily accept the testimony of the plaintiff and every reasonable inference to be drawn therefrom favorable to his cause.  An examination of the testimony, viewed in this light, would support a verdict establishing the following facts:

The plaintiff bought a ticket and paid for it obligating

the defendant company to carry him from Belle Vernon to Wilson Station, regular stopping places for the train on which the plaintiff took passage. He surrendered his ticket to the conductor when he was "just passing into the seat and sitting down." Some time afterwards the conductor came again and inquired of the passenger where he had gotten on and what his point of destination was. The plaintiff, for some not easily understood reason, thought he was being annoyed, and, declined to enter into any conversation with the conductor, contented himself with the remark that the latter had his ticket and could easily determine whence he came and whither he was going. The conductor, not satisfied that he had received a ticket from the passenger, called an officer, had him ejected from the train, arrested and handcuffed and taken before a magistrate who was an employee of the defendant company. A charge was made against him that he had undertaken to ride upon the defendant's train with the intention of traveling without paying fare, contrary to the provisions of the Act of June 13, 1911, P. L. 903, and that, when requested by the conductor to produce his ticket, he used vile and abusive language to the annoyance of the traveling public, contrary to the provisions of the Act of 1901, P. L. 286. After a hearing before the magistrate he was found guilty of the charge and a fine was imposed. Upon a certiorari to bring the record of that conviction before the Court of Common Pleas of Washington County, in which the arrest occurred, the judgment was reversed and an order of restitution made. The plaintiff then brought this action to recover damages against the defendant company.

We take it the verdict of the jury has established the plaintiff was a passenger on the defendant company's train with his fare paid and his ticket lifted by the conductor. That basic fact determined, his ejection from the train on the way to his destination was a wholly unlawful and unwarranted act, unless indeed it can be justified or excused by his declination to enter into a con-

versation with the conductor and be cross-examined by him.  We know of no principle of the common law, nor have we been referred to any statute of the State of Pennsylvania that would declare his attitude to be a breach of any legal obligation imposed on him by law or by contract.  Were we at liberty to determine matters of politeness, or of that mutual consideration which ought to actuate the conduct of passengers and conductor, a different question might arise.

As the record stands, we are all of opinion the learned court below fell into error in determining, as a matter of law, that the plaintiff had exhibited no legal cause of action against the defendant.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment on the verdict in favor of the plaintiff.